# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No.: 07-04009-01-CR-C-NKL

**ERIC SCOTT MCCAULEY**

USM Number: 19722-045

J.R. Hobbs, Retained

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Count 1 through 5 and 7 through 30 of the Fifth Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 (Class B Felony) | Conspiracy to Distribute and Possess With Intent to Distribute More than 100 Kilograms of Marijuana | December 23, 2008 | 1 |
| 21 U.S.C. 841(a)(1), 2, and (b)(1)(B) | Possession with Intent to Distribute More than 100 Kilograms of Marijuana | February 7, 2007 | 2 |
| 18 U.S.C. 1957 | Monetary Transaction in Criminally Derived Property | February 8, 2007 | 3-5 |
| 18 U.S.C. 1956(a)(1)(B)(I) and 2 | Money Laundering | December 12, 2008 | 7-27 |
| 21 U.S.C. 846, and 18 U.S.C. 1957 and 2, and 1956 (h) | Conspiracy to Commit Money Laundering | December 23, 2008 | 28 |
| 21 U.S.C. 841(a)(1) and (b)(1)(D) | Possession With Intent to Distribute Marijuana | December 9, 2008 | 29 |
| 21 U.S.C. 841(a)(1) and (b)(1)(D), and 18 U.S.C. 3147 | Distribution of Marijuana | December 11, 2008 | 30 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:  January 19, 2012

s/ NANETTE LAUGHREY
NANETTE LAUGHREY
UNITED STATES DISTRICT JUDGE

January 24, 2012

ERIC SCOTT MCCAULEY
07-04009-01-CR-C-NKL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 276 months.  That is 276 months on each of Counts 1 and 2, and 240 on Counts 7 through 28; 120 months on each of Counts 3 through 5; and 60 months on Counts 29 and 30, all sentences to run concurrent with each other. Additionally, he is sentenced to 60 months, to run consecutive to only Count 30, to address requirements under 18 U.S.C. 3147, for a total aggregate sentence of 120 months on Count 30.

The Court recommends to the Bureau of Prisons:

Placement at a facility as close as possible to the Columbia/ Jefferson City, MO area so the defendant can maintain contact with his family.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 276 months.  That is 276 months on each of Counts 1 and 2, and 240 on Counts 7 through 28; 120 months on each of Counts 3 through 5; and 60 months on Counts 29 and 30, all sentences to run concurrent with each other. Additionally, he is sentenced to 60 months, to run consecutive to only Count 30, to address requirements under 18 U.S.C. 3147, for a total aggregate sentence of 120 months on Count 30.

The Court recommends to the Bureau of Prisons:

Placement at a facility as close as possible to the Columbia/ Jefferson City, MO area so the defendant can maintain contact with his family.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years. This consists of 5 years on Counts 1 and 2, and 3 years each on Counts 3 through 5 and 7 through 30, all to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

Successfully participate in any substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office and pay any associated costs as directed by the Probation Office.

The defendant shall submit his person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search at any time, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____      _____
Defendant                                                                    Date

_____      _____
United States Probation Officer                                   Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$2,900, due immediately** | $ | $ |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.